


# *International Union of Bricklayers and Allied Craftworkers*

**HEADQUARTERS**
660 N. INDUSTRIAL DRIVE
ELMHURST, ILLINOIS 60126

PHONE: 630•941•2300
FAX: 630•941•2301

ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS

**PRESIDENT**
JAMES ALLEN

**SECRETARY · TREASURER**
MICHAEL LOWERY

February 20, 2019

### VIA CERTIFIED & REGULAR MAIL

Mr. Ken Littwin, Sr.
Mr. Ken Littwin, Jr.
Local Contracting Services Construction Co.
LCS Construction Co.
1061 Waveland Avenue
Franklin Park, IL 60131

Beverly P. Alfon, Esq.
Smith Amundsen
150 North Michigan Avenue, Suite 3300
Chicago, IL. 60601

Mr. Ken Littwin, Jr.
LCS Construction, Inc.
3804 Wilkie Rd.
Rolling Meadows, IL. 60008

Dear Contractors and Ms. Alfon:

Our letter dated November 20, 2018, informed the two businesses, Mr. Littwin Sr. and Mr. Littwin Jr. that a Joint Arbitration Board hearing would be held on December 4, 2018, to resolve a dispute between them and the Union. The hearing was rescheduled at the request of Ms. Alfon and the new hearing date was set for December 21, 2018. Notice of the new hearing date was given to Ms. Alfon on December 7, 2018.

Although you were notified you of the hearing and urged to attend, and the Joint Arbitration Board rescheduled the original hearing date at Ms. Alfon's request, you did not appear or send anybody on your behalf. Therefore the Joint Arbitration Board heard the case based on the information, evidence, and arguments presented by Doug Johnston, Jack Probola, Mike Alore, Ruben Collazo, Tim Rossborough and Barry Bennett, and rendered it decision.

The decision of the Joint Arbitration Board is enclosed. As you will see, it allows Mr. Littwin Sr. and Local Contracting Services to request a further hearing for certain limited purposes, as long as they do that within ten days. If they want to make that request, Ms. Alfon shold contact the Union's lawyer Barry Bennett. If Ms. Alfon does that, we sincerely hope you will not no-show again like you did the last time the Joint Arbitration Board accommodated such a request from Ms. Alfon. If Mr. Littwin Sr. and Local Contacting Services do not make a request for an additional hearing session, the award will become final ten days from the date of this letter.

Sincerely,

James Allen
President

JA/cmc

Enclosure

IN ACCORDANCE WITH ARTICLE X OF THE COLLECTIVE BARGAINING AGREEMENT AND WORKING RULES BETWEEN THE ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE I.U.B.A.C. AND THE SIGNATORY CONTRACTORS, A HEARING WAS HELD ON DECEMBER 21, 2018, AT THE ADMINISTRATIVE DISTRICT COUNCIL 1 OFFICE, 660 N. INDUSTRIAL DRIVE, ELMHURST, ILLINOIS 60126 TO CONSIDER CLAIMS OF VIOLATIONS OF **ARTICLE III, ARTICLE IV, ARTICLE VI, ARTICLE VII, ARTICLE VIII, ARTICLE XII, ARTICLE XV, ARTICLE XVI, ARTICLE XXIV, AND ARTICLE XXVI** OF THE COLLECTIVE BARGAINING AGREEMENT, ALONG WITH CLAIMS REGARDING RESPONSIBILITY UNDER THE COLLECTIVE BARGAINING AGREEMENT. RICHARD LAUBER, JR. AND GARY PORTER WERE THE ASSOCIATION APPOINTEES PRESENT AND MICHAEL ERDENBERGER AND ROBERT FITAL WERE THE DISTRICT COUNCIL APPOINTEES PRESENT. MR. KEN LITTWIN, SR., MR. KEN LITTWIN, JR., LOCAL CONTRACTING SERVICES CONSTRUCTION COMPANY, AND LCS CONSTRUCTION COMPANY WERE NOTIFIED OF THE GRIEVANCE AND THE SCHEDULED HEARING BY LETTER ON NOVEMBER 20, 2018. (WE WILL REFER TO THOSE TWO INDIVIDUALS AND THOSE TWO BUSINESSES AS A GROUP AS "THE CONTRACTOR PARTIES.")

THE HEARING WAS ORIGINALLY SCHEDULED FOR DECEMBER 4, 2018. FOLLOWING COMMUNICATIONS BETWEEN MR. BARRY BENNETT, THE ATTORNEY FOR ADMINISTRATIVE DISTRICT COUNCIL 1 AND MS. BEVERLY ALFON, THE ATTORNEY FOR KEN LITTWIN, SR., AND LOCAL CONTRACTING SERVICES CONSTRUCTION COMPANY, THE HEARING WAS RESCHEDULED AT MS. ALFON'S REQUEST, AND THE NEW HEARING DATE WAS SET FOR DECEMBER 21. NOTICE OF THE NEW DECEMBER 21 DATE WAS GIVEN TO MS. ALFON ON DECEMBER 7, 2018, WHO CONFIRMED BY LETTER OF DECEMBER 5, 2018, THAT SHE REPRESENTED AND HAD AUTHORITY TO ACCEPT SERVICE ON BEHALF OF MR. KEN LITTWIN, SR., AND LOCAL CONTRACTING SERVICES CONSTRUCTION CO. WE HAVE NOT BEEN GIVEN DOCUMENTATION SHOWING THAT A SEPARATE LETTER WENT TO MR. KEN LITTWIN, JR. AND LCS CONSTRUCTION COMPANY TO INFORM THEM OF THE NEW DATE BUT WE WERE PROVIDED WITH COPIES OF A LETTER DATED DECEMBER 18, 2018 AND OF AN EMAIL SENT DECEMBER 20, 2018 BY KEN LITTWIN, JR. ON BEHALF OF HIMSELF AND LCS CONSTRUCTION COMPANY, WHICH SHOWED THAT THEY WERE AWARE OF THE DECEMBER 21 HEARING AND APPARENTLY HAD SUFFICIENT NOTICE TO PREPARE A LETTER EXPLAINING THEIR POSITIONS AND OBJECTIONS. NEITHER THE LETTER MR. LITTWIN JR. SENT OR THE NOTE HE SENT BY EMAIL SAID ANYTHING ABOUT A LACK OF PROPER NOTICE, AND SO WE ARE SATISFIED THAT ALL PARTIES HAD NOTICE OF THE ORIGINAL HEARING DATE AND OF THE RESCHEDULED HEARING DATE.

REPRESENTATIVES PRESENT FOR ADC 1: JACEK PROBOLA, MIKE ALORE, RUBEN COLLAZO, TIM ROSSBOROUGH AND BARRY BENNETT

REPRESENTATIVE PRESENT FOR ADC 1 BENEFIT FUNDS OFFICE: DOUG JOHNSTON

REPRESENTATIVE PRESENT FOR LOCAL CONTRACTING SERVICES, MR. KEN LITTWIN, SR., LCS CONSTRUCTION CO., AND MR. KEN LITTWIN, JR.: NONE

LCS CONSTRUCTION CO. HAS A CURRENT COLLECTIVE BARGAINING AGREEMENT SIGNED BY KEN LITTWIN, SR., ON MARCH 1, 2007 AND THE JOINT ARBITRATION BOARD RULED AFTER A HEARING ON JUNE 21, 2017, THAT KEN LITTWIN, JR., IS PERSONALLY BOUND TO THE AGREEMENT BETWEEN LCS CONSTRUCTION COMPANY AND ADMINISTRATIVE DISTRICT COUNCIL 1 AND IS BOUND TO ALL OBLIGATIONS IN THAT AGREEMENT.

THE HEARING WAS SCHEDULED TO START AT 10:00 A.M. NONE OF THE CONTRACTOR PARTIES HAD ARRIVED BY THEN, AND MR. BENNETT TOLD US THAT WHEN MS. ALFON REQUESTED THAT THE ORIGINAL HEARING DATE BE POSTPONED, THE TWO OF THEM AGREED ON DECEMBER 21 AS

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE TWO

THE NEW DATE AFTER THE MEMBERS OF THE JOINT ARBITRATION BOARD INFORMED THE SECRETARY WHEN EACH OF US COULD BE AVAILABLE. MR. BENNETT ALSO TOLD US THAT MS. ALFON HAD OBJECTED IN WRITING TO THE UNION'S POSITIONS AND HAD STATED HER BELIEF THE JOINT ARBITRATION BOARD DID NOT HAVE JURISDICTION OVER HER CLIENTS, AND THAT KEN LITTWIN, JR. HAD SUBMITTED WRITTEN OBJECTIONS ON BEHALF OF HIMSELF AND LCS CONSTRUCTION COMPANY. MR. BENNETT SAID THAT NONE OF THE COMMUNICATIONS FROM MS. ALFON OR KEN LITTWIN, JR. SAID THAT ANY OF THE CONTRACTOR PARTIES WOULD NOT BE ATTENDING, AND WE CONFIRMED THAT WHEN THE HEARING ACTUALLY STARTED AND COPIES OF THOSE COMMUNICATIONS WERE PROVIDED TO US.

BECAUSE THE ORIGINAL HEARING HAD BEEN POSTPONED AT MS. ALFON'S REQUEST AND NEITHER SHE OR ANYBODY ELSE SAID THE CONTRACTOR PARTIES WOULD NOT ATTEND, WE EXPECTED THEY WOULD BE THERE AND SO WE WAITED UNTIL A LITTLE AFTER 10:30 A.M. BEFORE STARTING. MR. BENNETT TOLD US DURING THAT TIME HE WAS ATTEMPTING TO CONTACT MS. ALFON TO FIND OUT WHAT WAS HAPPENING. A LITTLE WHILE AFTER WE STARTED MR. BENNETT REPORTED HE FINALLY RECEIVED A RESPONSE FROM MS. ALFON SAYING SHE AND HER CLIENTS WOULD NOT BE ATTENDING AND SHE DID NOT KNOW WHY ANYBODY WOULD ASSUME THEY WERE GOING TO ATTEND IN SPITE OF THEIR OBJECTIONS.

AS EXPLAINED IN THE PROCEDURAL RULES THAT WE UNDERSTAND WERE SENT TO ALL OF THE CONTRACTOR PARTIES AND TO MS. ALFON, THE JOINT ARBITRATION BOARD DOES NOT FORCE ANYBODY TO ATTEND, BUT IT PROCEEDS WITH SCHEDULED HEARINGS EVEN IF ONE SIDE FAILS TO APPEAR. UNDER THESE CIRCUMSTANCES, THE JOINT ARBITRATION BOARD FELT IT WAS PROPER TO GO FORWARD AND WE ARE SATISFIED THAT WAS THE RIGHT DECISION.

THE FIRST ISSUE WE SEE BEING PRESENTED BY THIS CASE IS THE QUESTION OF WHETHER MR. KEN LITTWIN, SR., LOCAL CONTRACTING SERVICES, INC. OR BOTH OF THEM ARE BOUND TO THE LABOR CONTRACT THAT LCS CONSTRUCTION INC. HAS AND THAT MR. KEN LITTWIN, JR. IS ALSO BOUND TO. (WE ARE GOING TO REFER TO LOCAL CONTRACTING SERVICE CONSTRUCTION COMPANY AS "LOCAL," TO MR. KEN LITTWIN, SR. AS "SENIOR," TO LCS CONSTRUCTION COMPANY AS "LCS," AND TO MR. KEN LITTWIN, JR. AS "JUNIOR.")

WE HEARD AND READ AN OVERWHELMING AMOUNT OF EVIDENCE THAT CONVINCES US SENIOR AND LOCAL BOUND THEMSELVES TO THE LABOR CONTRACT AND ARE RESPONSIBLE FOR ALL OBLIGATIONS UNDER THAT CONTRACT AND FOR ALL VIOLATIONS. SENIOR SIGNED THE CONTRACT WITH ADMINISTRATIVE DISTRICT COUNCIL 1 ON BEHALF OF LCS, AND IDENTIFIED HIMSELF AS THE SECRETARY OF LCS. THE EVIDENCE SHOWED THAT DURING THE TIME THAT THESE ISSUES HAVE BEEN DEVELOPING AND WERE BEING INVESTIGATED, SENIOR AND JUNIOR BOTH PERFORMED WORK FOR EACH OF THE BUSINESSES AND BOTH OF THEM WERE SHOWN TO SUPERVISE EMPLOYEES ON THE VARIOUS JOBS. THERE WAS ALSO EVIDENCE THAT BOTH OF THEM DEALT WITH REPRESENTATIVES OF GENERAL CONTRACTORS OR CUSTOMERS ON BEHALF OF BOTH OF THE BUSINESSES. WE ALSO HEARD EVIDENCE THAT SENIOR TOLD REPRESENTATIVES OF GENERAL CONTRACTORS OR CUSTOMERS THAT HIS COMPANY WAS A UNION BUSINESS AND EMPLOYED UNION MEMBERS, EVEN THOUGH HE WAS CONTRACTING THE WORK IN THE NAME OF LOCAL AND HE WAS NOT REPORTING THE WORK AND THE HOURS TO

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE THREE

THE UNION OR BENEFIT FUNDS AND WAS NOT PAYING CONTRIBUTIONS OR WITHHOLDING AND PAYING OVER DUES FOR WORK BY EMPLOYEES ON THOSE JOBS.

THERE WAS EVIDENCE THAT THE TWO BUSINESSES USED AT LEAST SOME OF THE SAME EMPLOYEES, THAT THEY SHARED EQUIPMENT, THAT THEY SHARED A BUSINESS ADDRESS AND YARD, AND THE THEY SHARED VEHICLES. WE ALSO HEARD AND SAW EVIDENCE THAT MATERIAL FOR WORK ON JOBS WAS ORDERED IN THE NAME OF ONE BUSINESS EVEN THOUGH THE JOB WAS SUPPOSEDLY BEING PERFORMED BY THE OTHER BUSINESS.

WE ALSO HEARD EVIDENCE THAT SOME EMPLOYEES WERE NOT SURE ON A GIVEN JOB WHETHER THEY WERE WORKING FOR ONE BUSINESS OR THE OTHER AND WHETHER THEY WERE WORKING UNDER A UNION CONTRACT OR NOT, AND THAT AT LEAST SOME EMPLOYEES REPORTED AND BELIEVED THAT THEY HAD BEEN CHANGED FROM WORKING FOR A UNIONIZED BUSINESS UNDER A UNION CONTRACT TO BEING NON-UNION AND THAT THIS CHANGED OCCURRED BECAUSE THE BOSSES DECIDED THEY WOULD DO THINGS DIFFERENTLY.

WE ALSO NOTE THE SIMILARITY IN THE NAMES OF THE BUSINESSES, AND WE BELIEVE THAT WAS NOT A COINCIDENCE BUT WAS PART OF AN EFFORT TO CREATE CONFUSION AND MOVE FROM ONE SIDE TO THE OTHER DEPENDING ON WHAT SEEMED MORE CONVENIENT AND PROFITABLE AT THE MOMENT.

ALL THIS EVIDENCE SUPPORTS THE UNION'S CLAIMS THAT SENIOR AND LOCAL SHOULD BOTH BE FOUND TO BE BOUND TO THE LABOR CONTRACT LCS SIGNED BASED ON THE RELATIONSHIP AMONG THE INDIVIDUALS AND BUSINESSES, THE WAY THE BUSINESSES WERE OPERATED, AND WHAT WE CONCLUDE WAS AN INTENTIONAL PLAN TO USE THE SEPARATE BUSINESSES TO AVOID THE OBLIGATIONS OF THE CONTRACT. WE ALSO TAKE NOTE OF THE FACT THAT EVEN THOUGH THEY WERE NOTIFIED OF THE HEARING, AND THE HEARING DATE WAS RESCHEDULED AT THE REQUEST OF THEIR LAWYER, SENIOR AND LOCAL BOTH FAILED TO ATTEND THE HEARING AND ATTEMPT TO EXPLAIN THEIR SIDE OF THE MATTER. MR. BENNETT EXPLAINED A PARTY THAT DISPUTES THAT AN ARBITRATOR OR AN ARBITRATION PANEL HAS AUTHORITY OVER IT CAN STATE THAT IS ITS POSITION AND STILL PARTICIPATE IN THE HEARING AND PRESENT WHATEVER INFORMATION AND ARGUMENTS IT WANTS WITHOUT LOSING THE ABILITY TO MAKE ITS CLAIM OVER JURISDICTION IN COURT. WE THINK THE FACT THAT LOCAL AND SENIOR DID NOT DO THAT IS PROBABLY BECAUSE THEY RECOGNIZED THEIR OWN MISCONDUCT, AND DID NOT WANT TO HAVE TO TRY TO ANSWER QUESTIONS OR BE CALLED ON TO RESPOND TO THE EVIDENCE THE UNION PRESENTED.

WE READ AND CONSIDERED THE NOVEMBER 29 LETTER FROM SENIOR AND THE DECEMBER 19 LETTER FROM MS. ALFON. NOTHING IN THOSE LETTERS CHANGES THIS PART OF OUR DECISION. THE LETTER FROM SENIOR MAKES DEMANDS AND THREATS, AND CALLS PEOPLE NAMES, BUT DOES NOT CONTAIN ANY INFORMATION THAT THROWS INTO QUESTION THE EVIDENCE WE RECEIVED AND CONSIDERED. THE LETTER FROM MS. ALFON MAKES CLAIMS OVER JURISDICTION AND TIMELINESS, BUT LIKE SENIOR'S LETTER IT DOES NOT PRESENT ANY FACTS OR INFORMATION THAT CALL INTO QUESTION THE EVIDENCE WE RECEIVED. TURNING TO THE JURISDICTION AND TIMELINESS CLAIMS MS. ALFON RAISED, WE REJECT BOTH OF THOSE. AS

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE FOUR

FAR AS JURISDICTION, WE ARE CONVINCED FROM THE EVIDENCE PRESENTED THAT LOCAL AND SENIOR ARE BOUND TO THE LABOR CONTRACT AND THAT MAKES THEM SUBJECT TO THE AUTHORITY OF THE JOINT ARBITRATION BOARD. IF THEY WANT TO TAKE THAT ISSUE TO COURT, THEY CAN DO THAT BUT BASED ON THE EVIDENCE WE HEARD AND SAW, WE HAVE NO DOUBT ABOUT THIS PART OF OUR RULING.

AS FAR AS THE TIMELINESS CLAIM, WE BELIEVE THE UNION ACTED PROPERLY IN INVESTIGATING THE CASE AS FULLY AS IT COULD BEFORE PRESENTING IT TO THE JAB, AND THAT IT WAS DEALING WITH A CONTINUING SITUATION. WE FIND THE GRIEVANCE WAS FILED WITHIN 90 DAYS OF WHEN THE UNION KNEW OR REASONABLY SHOULD HAVE KNOW OF THE EXISTENCE OF THE GRIEVANCE. BECAUSE WE FIND THAT SENIOR AND LOCAL WERE INTENTIONALLY DECEIVING THE UNION AND OTHERS ABOUT WHAT THEY WERE DOING, WE THINK IT WOULD BE AGAINST THE INTENT AND MEANING OF THE CONTRACT TO ALLOW THEM TO BENEFIT FROM THEIR OWN DECEPTION BY SAYING THEY UNION DID NOT ACT SOON ENOUGH IN DISCOVERING THE SCOPE OF THE DECEPTION AND MISCONDUCT AND INITIATING THE GRIEVANCE PROCESS. ALSO, WE DO NOT FEEL THAT ANY OF THE CONTRACTOR PARTIES WAS HARMED IN ANY WAY BY THE FACT THAT THE UNION CHOSE TO CONDUCT A THOROUGH INVESTIGATION AND PIN DOWN THE AVAILABLE FACTS AND EVIDENCE BEFORE PRESENTING ITS CLAIM. FOR THESE REASONS WE FIND THE GRIEVANCE WAS FILED AND PURSUED IN A TIMELY WAY WITHIN THE MEANING OF THE CONTRACT.

BECAUSE WE HAVE FOUND THAT SENIOR AND LOCAL ARE BOUND TO THE COLLECTIVE BARGAINING AGREEMENT, THE NEXT QUESTION IS WHETHER THEY VIOLATED THAT CONTRACT. THERE IS NO QUESTION THAT THEY DID NOT FOLLOW THE CONTRACT IN PERFORMING WORK ON THE JOBS THAT WERE IDENTIFIED. BASED ON THE EVIDENCE PRESENTED, AND OUR INTERPRETATION OF THE CONTRACT, WE FIND THAT THEY VIOLATED ARTICLES III, IV, VI, VIII, XVI, AND XXIV IN CONNECTION WITH JOBS WE FIND THEY PERFORMED IN ROMEOVILLE, NEW LENOX, BUFFALO GROVE AND OSWEGO. WE THINK IT IS VERY LIKELY LOCAL AND SENIOR ALSO VIOLATED ARTICLE XV AND PROBABLY MORE THAN ONE PART OF ARTICLE XXVI, BUT THERE WAS NO EVIDENCE PRESENTED FOR THOSE VIOLATIONS AND SO WE DO NOT MAKE ANY FINDING ABOUT THEM.

BASED ON THE EVIDENCE PRESENTED THOUGH ESTIMATES AND JOB DESCRIPTIONS, WE FIND THAT SENIOR AND LOCAL ARE RESPONSIBLE FOR 900 HOURS OF BARGAINING UNIT WORK PERFORMED AT THE TOYOTA OF ROMEOVILLE JOB, WITH THAT WORK BEING PERFORMED DURING THE PERIOD COVERED BY THE CONTRACT IN EFFECT FROM JUNE 1, 2017 THROUGH MAY 31, 2018, AND THAT THEY ARE RESPONSIBLE FOR 1,200 HOURS OF BARGAINING UNIT WORK PERFORMED AT THE NEW LENOX PROJECT, 1,400 HOURS OF BARGAINING UNIT WORK ON THE BUFFALO GROVE PROJECT AND 1,100 HOURS OF BARGAINING UNIT WORK ON THE OSWEGO PROJECT, WITH THE WORK ON THOSE THREE JOBS BEING PERFORMED DURING THE TIME COVERED BY THE JUNE 1, 2018 THROUGH MAY 31, 2019 CONTRACT AND WITH THE WORK ON ALL FOUR OF THOSE JOBS BEING PERFORMED IN TOTAL DISREGARD OF THE CONTRACT. WE UNDERSTAND THESE HOUR FIGURES ARE BASED ON THE BEST ESTIMATES THE INDIVIDUALS INVOLVED COULD MAKE GIVEN THE LIMITED ACCESS THEY HAD TO JOBS, AND WE ARE SATISFIED

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE FIVE

THAT THOSE INDIVIDUALS ARE QUALIFIED TO MAKE ACCURATE ESTIMATES. BUT IN THE INTEREST OF FAIRNESS, WE ARE WILLING TO SCHEDULE A NEW HEARING DATE AND LET LOCAL AND SENIOR PROVIDE WHATEVER EVIDENCE THEY CHOOSE TO PRESENT ABOUT THE TOTAL AMOUNT OF BARGAINING UNIT WORK ON EACH OF THOSE FOUR JOBS, AND THEY CAN DO THAT WITHOUT AGREEING THAT THE JOINT ARBITRATION BOARD HAS JURISDICTION OVER THEM. IF LOCAL, SENIOR OR BOTH OF THEM WANT TO TAKE THAT OPPORTUNITY, MS. ALFON SHOULD NOTIFY MR. BENNETT WITHIN TEN DAYS OF THE DATE THIS AWARD IS SENT TO HER. WE WILL TREAT THE AWARD AS NOT BEING FINAL UNTIL THE END OF TEN DAYS, AND IF LOCAL AND SENIOR TAKE THIS OPPORTUNITY WE ARE OFFERING THEM AND AN ADDITIONAL HEARING SESSION IS HELD WE WILL ISSUE A NEW AWARD AFTER THE ADDITIONAL HEARING SESSION. IF LOCAL AND SENIOR REQUEST AN ADDITIONAL HEARING SESSION FOR THESE PURPOSES, THE UNION CAN ALSO PRESENT WHATEVER IT WANTS REGARDING THE HOURS.

THE JOINT ARBITRATION BOARD FINDS THAT LOCAL AND SENIOR USED AT LEAST SIX INELIGIBLE EMPLOYEES IN PERFORMING THE IMPROPER WORK, AND THEREFORE THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO MAKE A DAMAGE PAYMENT TO ADMINISTRATIVE DISTRICT COUNCIL 1 EQUAL TO THE INITIATION FEE AND THREE MONTHS' DUES FOR SIX INDIVIDUALS.

THE JOINT ARBITRATION BOARD ALSO FINDS THAT LOCAL AND SENIOR FAILED TO REPORT FOUR JOBS WITH A CONTRACTED VALUE OF $50,000.00 OR MORE TO ADMINISTRATIVE DISTRICT COUNCIL 1 WITHIN 48 HOURS AS REQUIRED. THE JOINT ARBITRATION BOARD FINDS THAT BECAUSE OF THIS VIOLATION, LOCAL AND SENIOR ARE REQUIRED TO PAY $1,000.00 FOR EACH JOB.

NEXT THE JOINT ARBITRATION BOARD FINDS THAT ADMINISTRATIVE DISTRICT COUNCIL 1 INCURRED EXPENSES FOR INVESTIGATING THIS CASE, ALONG WITH LEGAL FEES AND COSTS THROUGH THE TIME OF THE HEARING, ALL OF WHICH WERE CAUSED BY THE IMPROPER CONDUCT OF LOCAL AND SENIOR AND ARE PROVIDED FOR IN THE CONTRACT. THEREFORE, AND AS PART OF THE REMEDY FOR THE VIOLATIONS, THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO PAY $41,795.27 TO ADMINISTRATIVE DISTRICT COUNCIL 1 TO REIMBURSE IT FOR THOSE EXPENSES RELATED TO THE INVESTIGATION AND FOR THE LEGAL FEES AND COSTS THROUGH THE TIME OF THE HEARING.

AS A FURTHER PART OF THE REMEDY FOR THESE VIOLATIONS, THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO MAKE DAMAGE PAYMENTS TO THE HEALTH AND WELFARE, PENSION, ANNUITY AND DCTC FUNDS EQUAL TO WHAT WOULD HAVE BEEN THE CONTRIBUTIONS FOR ALL OF THE HOURS OF WORK IF THERE HAD BEEN PROPER COMPLIANCE, AND TO MAKE A SEPARATE DAMAGE PAYMENT TO ADMINISTRATIVE DISTRICT COUNCIL 1 EQUAL TO THE CHECK-OFF DUES WHICH WOULD HAVE BEEN PAID IF THERE HAD BEEN PROPER COMPLIANCE WITH THE TERMS OF THE CONTRACT. THESE DAMAGE PAYMENT AND ALL OTHER DAMAGE PAYMENTS WILL BE BASED ON THE RATES IN EFFECT DURING THE TIME THE WORK IN QUESTION WAS PERFORMED.

IN ADDITION, THE JOINT ARBITRATION BOARD IS ASSESSING DAMAGES AGAINST LOCAL AND SENIOR BASED ON THE WAGES THAT WERE NOT PAID TO ELIGIBLE MEMBERS OF THE BARGAINING UNIT BECAUSE OF THE VIOLATIONS OF CONTRACT. BY EMPLOYING INDIVIDUALS WHO WERE NOT ELIGIBLE TO PERFORM BARGAINING UNIT WORK, LOCAL AND SENIOR DEPRIVED BRICKLAYERS WHO WERE ELIGIBLE TO PERFORM SUCH WORK OF THE OPPORTUNITY TO DO IT AND TO EARN WAGES. ALSO, WE CONCLUDE FROM THE EVIDENCE THAT LOCAL AND SENIOR VERY LIKELY PAID THE WORKERS WHO ACTUALLY PERFORMED THE WORK SUBSTANTIALLY LESS THAN THE CONTRACTUAL WAGE RATE. AS PART OF THE REMEDY FOR THIS VIOLATION, WE ORDER LOCAL AND SENIOR TO PAY DAMAGES EQUAL TO THE TOTAL NUMBER OF HOURS OF WORK THAT WERE PERFORMED IMPROPERLY, MULTIPLIED BY THE HOURLY WAGE RATES IN EFFECT AT THE APPLICABLE TIMES.

BECAUSE IT IS IMPOSSIBLE TO IDENTIFY THE INDIVIDUAL BRICKLAYERS WHO WOULD HAVE RECEIVED THE WORK OPPORTUNITIES AND EARNED THE WAGES IF LOCAL AND SENIOR HAD NOT COMMITTED THESE VIOLATIONS, WE ORDER THAT THIS PORTION OF THE DAMAGES BE DIVIDED, WITH PART GOING TO ADMINISTRATIVE DISTRICT COUNCIL 1 AND PART GOING TO THE HEALTH AND WELFARE, PENSION, ANNUITY AND DCTC FUNDS IN PROPORTION TO EACH OF THOSE FUNDS' CONTRIBUTION RATES. WE BELIEVE ORDERING THESE PAYMENTS TO BE MADE TO ADMINISTRATIVE DISTRICT COUNCIL 1 AND THESE BENEFIT FUNDS WILL BEST SERVE THE BRICKLAYERS WHO WERE IMPROPERLY DEPRIVED OF WORK OPPORTUNITIES BY THE IMPROPER ACTIONS OF LOCAL AND SENIOR.

THE EXACT DIVISION OF THESE LOST WAGE DAMAGES WILL BE MADE IN SUCH A WAY AS TO PROVIDE THAT THE TOTAL OWED TO THE FOUR BENEFIT FUNDS AND TO ADMINISTRATIVE DISTRICT COUNCIL 1, AFTER TAKING INTO ACCOUNT AMOUNTS OWED TO THE FUNDS FOR LOST CONTRIBUTION EQUIVALENT DAMAGES AND TO ADMINISTRATIVE DISTRICT COUNCIL 1 FOR LOST HOURLY DUES EQUIVALENT DAMAGES, WILL BE THE SAME.

BASED ON THE VIOLATIONS WE FIND OCCURRED, THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO PAY DAMAGES TO THE DESIGNATED FRINGE BENEFIT FUNDS AND TO ADMINISTRATIVE DISTRICT COUNCIL 1 AS FOLLOWS:

### 6/1/2017 THROUGH 05/31/2018 RATES:

### LOST CONTRIBUTION EQUIVALENT DAMAGES TO FRINGE BENEFIT FUNDS:

|  | RATE | HOURS | TOTAL |
|---|---|---|---|
| DISTRICT COUNCIL WELFARE FUND: | $10.45 | 900 | $9,405.00 |
| DISTRICT COUNCIL PENSION FUND: | $ 9.60 | 900 | $ 8,640.00 |
| ANNUITY: | $ 5.65 | 900 | $ 5,085.00 |
| DCTC: | $ .40 | 900 | $ 360.00 |

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE SEVEN

| | | | |
|---|---|---|---|
| **LOST HOURLY DUES EQUIVALENT DAMAGES:** | $ 2.41 | 900 | $ 2,169.00 |
| **LOST WAGE DAMAGES:** | $45.38 | 900 | $40,842.00 |

TOTAL LOST WAGE DAMAGES TO HEALTH AND
WELFARE, PENSION, ANNUITY AND DCTC FUNDS: $ 9,760.50

LOST WAGE DAMAGES TO ADMINISTRATIVE DISTRICT COUNCIL 1: $31,081.50

### 6/1/2018 THROUGH 05/31/2019 RATES:

### LOST CONTRIBUTION EQUIVALENT DAMAGES TO FRINGE BENEFIT FUNDS:

| | RATE | HOURS | TOTAL |
|---|---|---|---|
| DISTRICT COUNCIL WELFARE FUND: | $10.65 | 3700 | $ 39,405.00 |
| DISTRICT COUNCIL PENSION FUND: | $10.40 | 3700 | $ 38,480.00 |
| ANNUITY: | $ 6.00 | 3700 | $ 22,200.00 |
| DCTC: | $ .40 | 3700 | $ 1,480.00 |
| **LOST HOURLY DUES EQUIVALENT DAMAGES:** | $ 2.49 | 3700 | $ 9,213.00 |
| **LOST WAGE DAMAGES:** | $46.19 | 3700 | $170,903.00 |

TOTAL LOST WAGE DAMAGES TO HEALTH AND
WELFARE, PENSION, ANNUITY AND DCTC FUNDS: $ 39,275.50

LOST WAGE DAMAGES TO ADMINISTRATIVE DISTRICT COUNCIL 1: $131,627.50

**REIMBURSEMENT OF INVESTIGATION EXPENSES AND LEGAL
FEES THROUGH THE DATE OF HEARING:** $ 41,795.27

**LOST INITIATION FEE AND MONTHLY DUES DAMAGES:** $ 5,250.00

**REPORTING VIOLATION PAYMENTS:** $ 4,000.00

**TOTAL:** **$399,227.27**

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE EIGHT

IF THE UNION OR THE FUNDS OBTAIN EVIDENCE OF ADDITIONAL WORK PERFORMED IN VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT, THEY MAY FILE A NEW GRIEVANCE AND THE JOINT ARBITRATION BOARD WILL CONSIDER AWARDING FURTHER DAMAGES. IF THERE IS ANY SUCH FURTHER CLAIM, IT WILL BE A NEW MATTER BECAUSE THE JOINT ARBITRATION BOARD BELIEVES THIS DECISION RESOLVES EVERYTHING PRESENTED TO US AS PART OF THE CURRENT GRIEVANCE.

AS A FURTHER REMEDY FOR THE VIOLATIONS WE HAVE FOUND, THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO OBTAIN A BOND IN THE AMOUNT OF $120,000.00. THIS MUST BE IN EFFECT WITHIN TEN DAYS OF THE DATE THIS AWARD BECOMES FINAL. THE BOND MUST EITHER BE IN THE FORM OF A CASH BOND OR A SURETY BOND IN THE REQUIRED FORM, A COPY OF WHICH WILL BE SENT TO LOCAL AND SENIOR ALONG WITH THIS AWARD. LOCAL AND SENIOR MUST MAINTAIN THAT BOND AS PROVIDED IN THE CONTRACT. IF LOCAL AND SENIOR FAIL TO PROVIDE EITHER A REGULAR SURETY BOND IN THE REQUIRED FORM, A CASH BOND, OR SOME COMBINATION TOTALING $120,000.00 WITHIN TEN DAYS OF THE DATE THIS AWARD BECOMES FINAL, LOCAL AND SENIOR MUST STOP PERFORMING ANY WORK, REGARDLESS OF THE NAME OR BUSINESS FORM USED, WITHIN THE GEOGRAPHIC AND CRAFT JURISDICTION OF ADMINISTRATIVE DISTRICT COUNCIL 1 AND THEY MAY NOT RESUME SUCH WORK UNTIL THEY HAVE SATISFIED THIS OBLIGATION.

THE JOINT ARBITRATION BOARD ALSO ORDERS THAT IN ADDITION TO ALL OTHER REPORTING OBLIGATIONS THAT EXIST UNDER THE CONTRACT LOCAL AND SENIOR MUST PROVIDE A WRITTEN REPORT OF ALL JOB LOCATIONS WHERE THEY WORKED DURING THE PREVIOUS WEEK, OR THEY MUST REPORT THAT THEY HAD NO WORK THAT WEEK, TO THE ADMINISTRATIVE DISTRICT COUNCIL 1 OFFICE BY 4:00 P.M. EVERY MONDAY. IF LOCAL AND SENIOR FAIL TO PROVIDE THE NECESSARY JOB REPORTS BY 4:00 P.M. EVERY MONDAY, THEN LOCAL AND SENIOR WILL BE LIABLE FOR A $500.00 FINE EACH WEEK THE JOB REPORTS ARE NOT RECEIVED ON TIME, PLUS $100.00 EACH DAY AFTER THAT MONDAY UNTIL THE JOB REPORT FOR THAT WEEK IS RECEIVED BY ADMINISTRATIVE DISTRICT COUNCIL 1.

IN ADDITION, THE JOINT ARBITRATION BOARD ORDERS LOCAL AND SENIOR TO ALLOW THE UNION TO PLACE STEWARDS OF ITS OWN CHOOSING ON ALL JOBS AND TO GIVE EACH STEWARD THE OPPORTUNITY TO WORK ON EACH PROJECT WHENEVER WORK IS BEING PERFORMED. EACH STEWARD MUST BE A QUALIFIED BRICKLAYER AND MUST MEET ALL REQUIREMENTS FOR STEWARDS THAT EXIST UNDER THE CONTRACT. IF LOCAL AND SENIOR ALLOW ADMINISTRATIVE DISTRICT COUNCIL 1 TO PLACE A STEWARD OR STEWARDS ON ALL JOBS AS REQUIRED HERE, BUT THEY ALLOW EMPLOYEES TO PERFORM ANY BARGAINING UNIT WORK WITHOUT GIVING THE STEWARD OR STEWARDS THE OPPORTUNITY TO DO OR BE PART OF THE CREW DOING SUCH WORK, THEN IN ADDITION TO ANY OTHER REMEDY THAT MAY BE IMPOSED, LOCAL AND SENIOR WILL BE LIABLE TO THE APPOINTED STEWARD OR STEWARDS FOR ALL WAGES AND FOR ALL CONTRIBUTIONS TO THE BENEFIT FUNDS AS THOUGH THE STEWARD OR STEWARDS HAD BEEN PRESENT AND WORKING AT ALL TIMES BARGAINING UNIT WORK WAS BEING PERFORMED. IF LOCAL AND SENIOR DO NOT COMPLY WITH THIS PART OF THE AWARD BY ALLOWING ADMINISTRATIVE DISTRICT COUNCIL 1 TO PLACE STEWARDS OF ITS OWN CHOOSING ON EACH JOB, THEN IN ADDITION TO ANY OTHER REMEDY THAT MAY BE IMPOSED, THEY WILL BE

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE NINE

Case: 1:19-cv-06826 Document #: 1-5 Filed: 10/15/19 Page 10 of 13 PageID #:32

REQUIRED TO MAKE A PAYMENT TO ADMINISTRATIVE DISTRICT COUNCIL 1 EQUAL TO THE FULL WAGE AND BENEFIT AMOUNT FOR ALL HOURS ON EACH JOB THAT ANY ONE OR MORE EMPLOYEES OF LOCAL OR SENIOR WERE PERFORMING ANY BARGAINING UNIT WORK.

ALL OF THE MONETARY AND OTHER OBLIGATIONS IMPOSED BY THIS AWARD ARE THE JOINT RESPONSIBILITY OF LOCAL AND SENIOR.

UNLESS LOCAL AND SENIOR MAKE THE PAYMENTS AS REQUIRED WITHIN TEN DAYS OF THE DATE THIS AWARD BECOMES FINAL THEY MUST STOP PERFORMING ANY WORK, REGARDLESS OF THE NAME OF BUSINESS FORM USED, WITHIN THE GEOGRAPHIC AND CRAFT JURISDICTION OF ADMINISTRATIVE DISTRICT COUNCIL 1 AND THEY MAY NOT RESUME SUCH WORK UNTIL THEY HAVE MADE THE REQUIRED PAYMENTS.

THE OBLIGATIONS THIS AWARD IMPOSES ON LOCAL AND SENIOR WILL NOT BECOME APPLICABLE IF LOCAL AND SENIOR ASK WITHIN TEN DAYS TO PRESENT INFORMATION TO THE JOINT ARBITRATION BOARD REGARDING THE AMOUNT OF BARGAINING UNIT WORK PERFORMED ON THE FOUR JOBS, AND IF THEY DO THAT THEY WILL NOT BE SUBJECT TO THESE OBLIGATIONS UNTIL THAT NEW HEARING IS HELD AND A FURTHER AWARD IS ISSUED.

IF LCS AND SENIOR FAIL TO FULLY COMPLY FULLY WITH THIS AWARD, THEY MUST REIMBURSE THE UNION AND/OR THE BENEFIT FUNDS FOR ALL COSTS AND LEGAL FEES STARTING WITH THE DATE THE AWARD BECOMES FINAL, AND THEY MUST PAY INTEREST ON ALL AMOUNTS OWED AT THE RATE OF 10% A YEAR FROM THE DATE OF THE HEARING, DECEMBER 21, 2018 TO THE DATE OF PAYMENT.

THE LAST QUESTION WE SEE IS HOW ALL OF THIS AFFECTS JUNIOR AND WHATEVER REMAINS OF LCS. THE UNION ARGUED THAT BECAUSE JUNIOR AND LCS ARE BOUND TO THE CONTRACT, THEY SHOULD BE FOUND RESPONSIBLE FOR VIOLATIONS COMMITTED BY LOCAL AND SENIOR AND SHOULD BE JOINTLY RESPONSIBLE ALONG WITH LOCAL AND SENIOR FOR ALL DAMAGES AND OTHER RELIEF. EVEN THOUGH WE BELIEVE THAT MIGHT BE CORRECT, WE ARE NOT DECIDING THAT NOW OR ISSUING ANY AWARD AGAINST JUNIOR AND LCS AT THIS TIME. THAT IS BECAUSE WE RECOGNIZE JUNIOR AND LCS ARE NOT REPRESENTED BY MS. ALFON OR ANY OTHER ATTORNEY AND BASED ON THE LETTERS JUNIOR SENT, WE ARE NOT SURE HE UNDERSTOOD THE CLAIMS AGAINST HIM AND LCS AND HOW THEY FIT IN WITH THE CLAIMS AGAINST LOCAL AND SENIOR. UNDER THE CIRCUMSTANCES, WE HAVE DECIDED TO SEPARATE THE CLAIMS PRESENTED BY THIS CASE AGAINST JUNIOR AND LCS FROM THE CLAIMS AGAINST LOCAL AND SENIOR THAT WE HAVE RULED ON. IF THE UNION DECIDES TO PURSUE THESE CLAIMS AGAINST JUNIOR AND LCS OR EITHER OF THEM, IT CAN DO THAT BY INITIATING A NEW GRIEVANCE AGAINST EITHER OR BOTH OF THEM WITHIN THREE MONTHS OF THE DATE THIS AWARD IS MAILED. IF THE UNION DOES THAT, IT WILL BE TREATED AS A SEPARATE CLAIM AGAINST JUNIOR AND LCS. IN PRESENTING ANY SUCH NEW CLAIM AGAINST JUNIOR AND LCS, THE UNION MAY POINT TO INFORMATION PRESENTED IN THIS CASE AND FINDINGS REACHED BY THE JOINT ARBITRATION BOARD, BUT THAT WOULD BE SUBJECT TO THE RIGHT OF JUNIOR AND LCS TO OBJECT AND TO ANY INSTRUCTIONS GIVEN BY THE JOINT ARBITRATION BOARD HEARING SUCH A SEPARATE CASE.

LOCAL CONTRACTING SERVICES, INC.
LCS CONSTRUCTION INC.
MR. KEN LITTWIN, SR.
MR. KEN LITTWIN, JR.
PAGE TEN

TO AVOID ANY CONFUSION, WE ARE GOING TO SUMMARIZE WHERE THIS AWARD LEAVES THINGS. FIRST, THERE IS NO AWARD ISSUED AGAINST JUNIOR AND LCS AND NO PENDING CLAIM AGAINST THEM. ADMINISTRATIVE DISTRICT COUNCIL 1 HAS THREE MONTHS FROM THE TIME THIS AWARD IS MAILED OUT TO FILE A CLAIM AGAINST JUNIOR AND LCS REGARDING THESE MATTERS. IF IT DOES THAT, IT WILL BE TREATED AS A NEW AND SEPARATE GRIEVANCE AND WE WILL NOT HOLD THE DELAY BETWEEN THE FIRST GRIEVANCE AND ANY SUCH SECOND GRIEVANCE AGAINST ADMINISTRATIVE DISTRICT COUNCIL 1. SECOND, WE HAVE FOUND LOCAL AND SENIOR ARE BOUND TO THE COLLECTIVE BARGAINING AGREEMENT AND RESPONSIBLE FOR OBLIGATIONS UNDER IT AND VIOLATIONS OF IT, WE HAVE ORDERED THEM TO PROVIDE A BOND FOR $120,000.00 WITHIN TEN DAYS OF WHEN THE AWARD BECOMES FINAL AND TO STOP ALL WORK UNLESS AND UNTIL THEY PROVIDE THAT BOND, WE HAVE IMPOSED VARIOUS OTHER NON-MONETARY OBLIGATIONS ON THEM, TO BE EFFECTIVE WHEN THE AWARD BECOMES FINAL, AND WE HAVE AWARDED THE DAMAGES AGAINST THEM AS STATED, SUBJECT TO GIVING THEM AN OPPORTUNITY AS WE EXPLAINED TO APPEAR AND PRESENT EVIDENCE ABOUT THE AMOUNT OF BARGAINING UNIT WORK PERFORMED ON THE FOUR JOBS. IF THEY DO NOT MAKE THAT REQUEST WITHIN THE TIME AND IN THE WAY PROVIDED, THE AWARD WILL BECOME FINAL ON THE ELEVENTH DAY AFTER WE TRANSMIT THE AWARD TO THEM THROUGH MS. ALFON. IF THEY ASK FOR THE CHANCE TO PRESENT SUCH INFORMATION, THE AWARD WILL BE HELD OPEN UNTIL A NEW SESSION IS HELD AND A FURTHER AWARD IS ISSUED. SUBJECT TO THAT POSSIBILITY, WE CONSIDER THIS AWARD TO BE FINAL AND TO RESOLVE ALL ISSUED BEFORE US.


_____
GARY PORTER

_____
MICHAEL ERDENBERGER

_____
RICHARD LAUBER, JR.

_____
ROBERT FITAL

# EMPLOYER'S BOND

(Brick, Marble, Plaster, Residential)

**KNOW ALL PEOPLE BY THESE PRESENTS** that we _____
(Name of Employer)

a _____, of _____, Illinois, herein called the "Principal,"
(Indicate corporation, partnership, or sole proprietor) (City)

and _____, herein called the "Surety" are hereby
(Name of Bonding Company)

held and firmly bound unto the various fringe benefit, industry, and promotion funds identified in the collective bargaining agreements between Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers (the "District Council"), which defined term also refers to the organization under its former designation as Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, and the various employers and employer associations that bargain through the Northern Illinois Mason Employers Council, the Chicago Marble and Granite Dealers Association, the Midwest Wall and Ceiling Contractors, and any successor or predecessor collective bargaining agreements, all of which funds are collectively referred to as the "Funds"; unto the District Council; unto the local unions that are members of the District Council (the "Local Unions"); and unto all individuals employed by the Principal and represented for collective bargaining purposes by the District Council (the "Union Employees") (the Funds, the District Council, the Local Unions, and the Union Employees are referred to individually or together as the "Obligees") in the penal sum of _____ dollars ($_____), for obligations and undertakings
(Amount written out) (Amount)
hereinafter set forth, for the payment of which, well and truly to be made, we hereby jointly and severally bind ourselves, our successors, assigns, heirs, executors, and administrators.

Signed, sealed, and dated on this _____ day of _____, _____.

**WHEREAS,** the above named Principal is employing or proposes to employ employees in one or more bargaining units represented by the District Council for the purpose of performing certain work as defined in one or more collective bargaining agreements between the Principal and the District Council;

**NOW, THEREFORE,** the conditions of this bond are such that if the Principal shall well and faithfully pay the wages due the Union Employees with respect to the work performed by the Union Employees, the contributions due the Funds, the dues due the District Council and the Local Unions, and such other amounts as the Principal may be required to pay the Obligees, or any of them, pursuant to any collective bargaining agreement between the Principal and the District Council, then this obligation shall be void; otherwise it shall remain in full force and effect.

The Obligees shall not be required to send notification of default until at least 90 days after the delinquent payment or payments have been found to be due.

If Surety is required to make payment to the Obligees pursuant to the bond, Surety shall have no claim or right of any sort against Obligees.

If the aggregate amount due the Obligees exceeds the amount of this bond, then the claims of the various Obligees shall be satisfied on a *pro rata* basis, proportionate to the amount of each Obligee's claim, or on such other basis as may be agreed to by all Obligees or as may be directed through the dispute resolution mechanisms as described in the next sentence. Any disputes or questions as to the proper distribution in such circumstances, and any disputes regarding the Principal's obligations to the Obligees, shall be resolved in accord with the dispute resolution mechanisms of the collective bargaining agreement or agreements between the Principal and the District Council.

If the Surety fails without good reason to make payment on a valid claim within 30 days of being presented with such claim and reasonable support for it, or fails without good reason to make payment within such additional time as may be found proper, Surety will be liable to the Obligees for interest at the then applicable rate on all payments; and if all or any of the Obligees file suit to obtain payment from Surety and prevail in such a suit, Surety shall reimburse the Obligees for all reasonable legal fees and costs. If Surety is required to pay interest or to reimburse legal fees and costs pursuant to this provision, such payment or reimbursement will not be treated as reducing the amount of Surety's obligation on this bond.

This bond may be canceled by the Surety 120 days after receipt by the Obligees of the Surety's written notice of cancellation by registered mail, and the requirement for service on the Obligees shall be deemed satisfied if such service is made on the President of the District Council.

**PRINCIPAL: (INDICATE CORPORATION, PARTNERSHIP, OR SOLE PROPRIETOR)**

BY: _____

Attest: _____

SURETY

BY: _____

Surety Name: _____

Address: _____

City: _____

State: _____ Zip: _____

Phone: _____

Contact: _____

12/8/14